**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maryland Casualty Company,<br><br>Plaintiff,<br><br>v.<br><br>Angelo's Pizza and Gyros, LLC, *et al.*,<br><br>Defendants. | No. CV-14-02308-TUC-RM (BGM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Plaintiff Maryland Casualty Company's Motion for Summary Judgment (Doc. 33). Defendant/Third-Party Plaintiff Angelo's Pizza and Gyros, LLC has filed its Response (Doc. 35), and Plaintiff replied (Doc. 43). Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The motion is fully briefed, oral argument was held on July 24, 2015, and the matter taken under advisement. Minute Entry 7/24/2015 (Doc. 44). The Magistrate Judge recommends that the District Court grant Plaintiff's motion.

. . .

. . .

. . .

**I.    FACTUAL BACKGROUND**

*A.  Defendants*

Danny and Charmaigne Walsh are owners of Angelo's Pizza and Gyros, L.L.C., Danny Walsh Enterprises, LLC, d/b/a Angelo's Pizza & Gyros ("Angelo's"), all of whom are named Defendants in this case. Def.'s SSOF (Doc. 36), Walsh Aff. (Exh. "A") at ¶ 2. Angelo's is a pizzeria and Italian restaurant. *Id.*, Exh. "A" at ¶ 3. Angelo's has some full-time workers, and hires seasonal, temporary help on an as needed basis. *Id.* Angelo's busiest time of year is the holiday season through the end of the professional football playoff season, which culminates with the Super Bowl at the end of January or beginning of February. *Id.*, Exh. "A" at ¶ 4. Defendant Christian Scott Burton was a high school student, hired for the seasonal rush in the Winter of 2012–2013. *Id.*, Exh. "A" at ¶ 5. Defendant Danny Walsh requires all delivery people to show proof of insurance. Def.'s SSOF (Doc. 36), Exh. "A" at ¶ 6. Defendant Burton provided proof of insurance to Defendant Walsh. *Id.*

*B.  The Accident*

On January 3, 2013, Defendant Richard Venable ("Mr. Venable") was operating a motorized wheelchair off the roadway near the intersection of Romero Road and Root Lane in Tucson, Arizona. Pl.'s SOF (Doc. 34), First Amended Compl., Pima Co. Sup. Ct. Case No. C2013-3966 (Exh. "A") at ¶ 3. Defendant Christian Burton was driving his 2003 Chevrolet ZR2 near the same intersection, and is alleged to have veered off the road, and collided with Mr. Venable. *Id.*; *see also* Answer to Decl. Judgment (Doc. 15) at ¶ 2. At the time of the accident, Defendant Burton was an employee of Angelo's Pizza

- 2 -

and Gyros and was in route delivering a pizza to a customer's home.  Pl.'s SOF (Doc. 34), Def. Angelo's Responses to Pl.'s Non-Uniform Interrogatories 3/5/2015 (Exh. "B") at ¶ 5.  Defendant Angelo objects to the extent that this statement fails to differentiate Defendant Burton's employment status as "temporary" versus that of a full-time employee.[1]  Def.'s SSOF (Doc. 36) at 2.  The Pima County Sheriff's Department's Detail Incident Report identifies Christian Burton as the driver of the vehicle involved in the incident and further states:

> Mr. Burton stated he was delivering a pizza and passed the road he needed to deliver it to and was looking for another way to go.  He stated he was looking down at his Global Positioning System (GPS) and had drifted off the roadway and struck a male in a motorized wheelchair.

Pl.'s SOF (Doc. 34), Pima Co. Sheriff's Dept. Detail Incident Report for 130103279 (Exh. "D") at 8.

As a result of the accident, it is alleged that Mr. Venable was injured requiring extensive medical and surgical treatment, hospitalization, and incurred medical bills, property damage, and suffered pain, anguish, physical impairment, and mental distress.  Pl.'s SOF (Doc. 34), Exh. "A" at ¶ 9; *see also* Answer to Decl. Judgment (Doc. 15) at ¶ 2.  On September 4, 2013, the Venables filed a lawsuit in the Pima County Superior Court against Angelo's Pizza and Gyros; Angelo's Pizza and Gyros, LLC; Christian Scott Burton and Jane Doe Burton; Danny Walsh and Jane Doe Walsh; and Danny Walsh Enterprises (collectively the "Angelo's Defendants").  *See* Pl.'s SOF (Doc. 34), Exh. "A."

---

[1] To the extent that this requires a legal conclusion, Defendant Angelo's objection is without merit; however, in its response to Plaintiff's NUI, Defendant Angelo did characterize Defendant Burton's employment as temporary.

*C. The Policy*

Plaintiff Maryland Casualty Company issued insurance policy No. PPS 34532250 (the "Policy") to Defendants Angelo's Pizza & Gyros and Danny Walsh Enterprises, LLC for the policy period of February 17, 2012 to February 17, 2013, which provided commercial general liability coverage to the named insured subject to the Policy's terms, conditions, limitations, exclusions, and restrictions.  *See* Pl.'s SOF (Doc. 34), Maryland Casualty Company Precision Portfolio Policy (Exh. "C").  The Angelo's Defendants seek coverage under the Policy for the allegations made against them in the underlying lawsuit filed by the Venables in Pima County Superior Court.  *See* Answer to Decl. Judgment (Doc. 15) at ¶ 2.

The Policy includes Commercial General Liability Form 9S2001 Ed. 4-9S2001 Ed. 4-99 which provides in relevant part:

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\* \* \*

2. **Exclusions**

This insurance does not apply to:

\* \* \*

g. **Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading". [sic]

\* \* \*

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

\* \* \*

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\* \* \*

2. Each of the following is also an insured:

a. Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture of limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .

\* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

2. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or

          equipment.  But "auto" does not include "mobile equipment". [sic]

3.     "Bodily injury" means bodily injury, sickness or disease sustained by a person.  This includes mental anguish, mental injury, shock, fright or death resulting from bodily injury, sickness or disease.

\* \* \*

5.     "Employee" includes a "leased worker". [sic]  "Employee" does not include a "temporary worker". [sic]

\* \* \*

19.     "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

Pl.'s SOF (Doc. 34), Exh. "C" at Bates Nos. MARYLAND 000068, 000071, 000075–000076, 000080–000081, 000083.

### D. *Defendant's Responses to Discovery*

Plaintiff asserts that Defendant Angelo's Pizza's Answer to Declaratory Judgment admits that Defendant Burton was an employee of Angelo's Pizza.  *See* Answer to Decl. Judgment (Doc. 15) at ¶ 2.  Additionally, Defendant Angelo's response to Plaintiff's non-uniform interrogatory regarding Defendant Burton's employment stated, "Christian Scott Burton was a temporary employee of Danny Walsh Enterprises, LLC d/b/a Angelo's Pizza & Gyros on January 3, 2013.  His duties were as follows: delivery driver, dish washer, prep work in the kitchen."  Pl.'s SOF, Exh. "B" at ¶ 5.  At the time of the accident Angelo's Pizza admits that Defendant Burton was "in route to deliver food." *Id.*, Exh. "B" at ¶ 6.  Plaintiff further asserts that Defendant Angelo's Pizza admitted that at the time of the accident Defendant Burton was acting within the course and scope of his employment.  *See* Answer to Decl. Judgment (Doc. 15) at ¶ 2.  Defendant Angelo's

- 6 -

objects to the extent that Plaintiff "fail[s] to differentiate Mr. Burton's employment status as 'temporary' versus that of a full-time employee." Def.'s SSOF (Doc. 36) at 2.

**II.     STANDARD OF REVIEW**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986), "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  Thus, factual disputes that have no bearing on the outcome of a suit are irrelevant to the consideration of a motion for summary judgment.  *Id*.  In order to withstand a motion for summary judgment, the nonmoving party must show "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Moreover, a "mere scintilla of evidence" does not preclude the entry of summary judgment.  *Anderson*, 477 U.S. at 252.  The United States Supreme Court also recognized that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007).  Questions of statutory construction and contract interpretation are properly resolved on summary judgment as questions of

law for the Court.  *See Diamond Fruit Growers, Inc. v. Krack Corp.*, 794 F.2d 1440, 1442 (9th Cir. 1986); *see also Arizona Retail Systems, Inc. v. Software Link, Inc.*, 831 F.Supp. 759, 762 (D. Ariz. 1993).

### III.   ANALYSIS

Plaintiff asserts that Mr. Venable's alleged injuries arise out of the "ownership, maintenance or use" of any "auto," Defendant Christian Burton was an "employee" of Defendant Angelo's, and the auto was being operated by Defendant Christian Burton in the course and scope of his employment.  As such, Plaintiff seeks summary judgment determining "that Maryland's Policy does not provide coverage for the claims made in the Underlying Lawsuit and Maryland therefore is not obligated to defend or indemnify defendants Angelo's Pizza and Gyros, Angelo's Pizza and Gyros, LLC, Christian Scott Burton, Danny Walsh, and Danny Walsh Enterprises, LLC in relation to the Underlying lawsuit."  Pl.'s Mot. for Summ. J. (Doc. 33) at 9–10.  Defendant Angelo's argues that Defendant Christian Burton was a temporary worker and therefore not an insured under the policy.  *See* Def.'s Response (Doc. 35).

#### *A.  Contract Interpretation*

"[A]mbiguous terms in a contract of insurance are to be strictly construed in favor of the insured and coverage, and against the insurer." *Roberts v. State Farm Fire and Cas. Co.*, 146 Ariz. 284, 285–86, 705 P.2d 1335, 1336–37 (1985) (en banc).  "Provisions of insurance policies are to be construed in a manner according to their plain and ordinary

meaning." *Sparks v. Republic Nat. Life Ins. Co.*, 132 Ariz. 529, 534, 647 P.2d 1127, 1132 (1982) (en banc).

Here, Defendant Angelo's argues that Defendant Christian Burton was a "temporary worker" as defined by the policy, and therefore does not qualify as an insured. *See* Def.'s Response (Doc. 35). The Policy defines a "temporary worker" as: "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." Pl.'s SOF (Doc. 34), Exh. "C" at Bates Nos. MARYLAND 000083. There is no Arizona authority addressing the interpretation of "temporary worker." As such, this Court must "first consider whether a third party must furnish the worker to the insured in order to qualify as a temporary worker[.]" *Northland Casualty Co. v. Meeks*, 540 F.3d 869, 875 (8th Cir. 2008). In considering this issue, the Sixth Circuit noted that:

> Courts that have considered the language have been mixed. The majority of these courts have held that the phrase "furnished to" in the definition unambiguously requires the involvement of a third party, such as a temporary staffing agency, that supplies the worker to the insured employer. . . . A minority of courts, however, have held that the phrase "furnished to," nowhere defined by the standard [Insurance Services Office, Inc.] ISO [Commercial General Liability] CGL form, creates an ambiguity and thus have sent the issue to a factfinder to divine the parties' intentions.

*General Agents Ins. Co. of America, Inc. v. Mandrill Corp., Inc.*, 243 Fed. Appx. 961, 967 (6th Cir. 2007) (citations omitted).

Black's Law Dictionary defines "furnish" as "[t]o supply, provide, or equip, for accomplishment of a particular purpose." Black's Law Dictionary 675 (6th ed. 1990). The term "furnished to" in the context of the Policy's definition of "temporary worker" is

- 9 -

unambiguous, and as such, "implies that a third party has been involved in providing or supplying the worker to the insured." *Meeks*, 540 F.3d at 875 (citations omitted).

Defendant asserts that "furnished to" only modifies "to substitute for a permanent 'employee' on leave" and that the phrase "to meet seasonal or short-term workload conditions" is independent. *See* Def.'s Response (Doc. 35). This, however, is grammatically incorrect. As the Missouri Court of Appeals recognized, these "parallel infinitive phrases . . . both function as adverbs or verbal modifiers that modify the verb 'is furnished' and both restrict the persons covered in this definition." *American Family Mut. Ins. Co. v. Tickle*, 99 S.W.3d 25, 30 (Mo. Ct. App. 2003). "It is grammatically impossible to read the phrase 'to meet seasonal or short-term workload conditions' without the verb 'is furnished' because the phrase has no meaning without the antecedent verb it modifies." *Id.* at 31. As such, the term "furnished to" unambiguously requires that a third party furnish the worker to the insured to meet the definition of a "temporary worker" under the Policy. Because Defendant Burton was not furnished to Defendant's Angelo's, he cannot qualify as a temporary worker under the Policy.

### B. Remaining Exclusions

Defendant does not dispute that the events resulting in Mr. Venable's alleged injuries incurred while Defendant Christian Burton was operating an "auto" in the course and scope of his employment. As such, the Policy "does not provide coverage for the claims made in the Underlying Lawsuit and Maryland therefore is not obligated to defend or indemnify defendants Angelo's Pizza and Gyros, Angelo's Pizza and Gyros, LLC,

Christian Scott Burton, Danny Walsh, and Danny Walsh Enterprises, LLC in relation to the Underlying lawsuit." Pl.'s Mot. for Summ. J. (Doc. 33) at 9–10.

## IV. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order GRANTING Plaintiff Maryland Casualty Company's Motion for Summary Judgment (Doc. 33).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-14-02308-TUC-RM**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 2nd day of October, 2015.

Honorable Bruce G. Macdonald
United States Magistrate Judge

- 11 -